***NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
CHRISTINE C. SCHEIER,               :   Civil Action No. 08-2164 (FLW)
                                    :
           Plaintiff,               :
                                    :
     v.                             :   OPINION
                                    :
MEMPHIS LIGHT, GAS AND WATER        :
DIVISION, et al.,                   :
                                    :
           Defendants.              :
_____:

**WOLFSON, United States District Judge:**

Presently before the Court is a motion by Defendant Memphis Light, Gas and Water Division ("MLGW") to dismiss pro se Plaintiff, Christine C. Scheier's ("Plaintiff or Scheier"), Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a), and a motion by Defendant Capital One Bank (USA), N.A. ("Capital One")[1] to dismiss Plaintiff's Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff alleges that she is the victim of credit card fraud and she brings this action "to enforce the provisions the (sic) Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq." Compl. ¶ 1. In her two Counts, Plaintiff alleges that Defendants engaged in fraud and consumer fraud. For the reasons that follow, the Court grants Defendants' Motions and dismisses the Complaint in its entirety.

---

[1] Defendant Capital One Bank (USA), N.A. was improperly pled as Capital One.

I.      **Background and Procedural History**

Since Capital One moves to dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6), the following version of events assumes Plaintiff's allegations to be true. In her Complaint, filed on May 5, 2008, Plaintiff alleges she is a resident of Hunterdon County, New Jersey. Compl. ¶ 3. In Count One, Plaintiff alleges that Bonnie Lee Bakely ("Ms. Bakely"), also known as Leebonnie Bakely, who was a good friend of Plaintiff's in high school, but it now deceased, began using Plaintiff's name "Christine C. Scheier" on credit cards and was convicted of sixteen counts of credit card fraud in 1998 in Arkansas. Id. at ¶ 5. Plaintiff alleges that Ms. Bakely, the wife of actor Robert Blake, continued to use Plaintiff's name on her credit cards until she was murdered on May 4, 2001 in Mr. Blake's car. Id. at ¶¶ 5-6. Plaintiff alleges that the credit card companies involved include: Memphis Light, Gas & Water Division ("MGLW"), United Airline Mileage Plus,[2] KLM Airlines, Southwest Airlines,[3] Sears Credit Cards, Capital One, Trans-Union, Equifax, Experian, and others. Id. at ¶10. Plaintiff further alleges that she never had any credit cards and never had any debt, and had to send proof to the credit card companies that she was not involved in the credit card scandal. Id. at ¶¶ 4, 8. Plaintiff alleges that the credit card companies did not respond. Id. at ¶ 9. In Count Two, Plaintiff adds that Ms. Bakely's family, including Paul Gawron, Ms. Bakely's former spouse; Holly Gawron, Ms. Bakely's daughter; Glenn Gawron, Ms. Bakely's son; Margery Bakely, Ms. Bakely's sister; and Joseph Bakely, Ms. Bakely's brother, also allegedly used the credit cards. Id. at 3. Plaintiff seeks compensatory, treble, and punitive damages as well as attorney's fees for fraud and

---

[2] Chase Bank USA, N.A., sued herein as United Airline Mileage Plus.

[3] Chase Bank USA, N.A., sued herein as Southwest Airlines.

consumer fraud allegedly committed by Defendants. Id.

On June 26, 2008, Defendant MLGW filed its motion to dismiss the Complaint for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2), or in the alternative, to transfer venue pursuant to 28 U.S.C. § 1406(a). On July 31, 2008, Defendant Capital One filed its motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b). Plaintiff failed to respond to either of these motions. Plaintiff has also failed to comply with Magistrate Judge John J. Hughes's Order, dated September 23, 2008, requiring Plaintiff to file a more definite statement and/or Amended Complaint no later than October 7, 2008, upon a motion by Defendant, Sears, Roebuck, and Company. See Hughes's Order, dated Sept. 23, 2008, at 2. The Court grants Defendants' Motions for the reasons that follow, and dismisses Plaintiff's Complaint in its entirety. This Court has subject matter jurisdiction over Plaintiff's Consumer Credit Protection Act allegations pursuant to 28 U.S.C. § 1331.

## II.   Discussion

### A.   The Court Lacks Personal Jurisdiction over Defendant MLGW

#### 1.   Rule 12(b)(2)

"Once a defendant raises the question of personal jurisdiction, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Cateret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." Miller Yacht Sales, Inc. v.

Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Carteret, 954 F.2d at 142 n. 1. "If the contents of the plaintiff's complaint conflict with the defendant's affidavits, the district court must construe all reasonable inferences that can be drawn from the papers in the plaintiff's favor."  4 Wright & Miller, *Federal Practice and Procedure*: Civil 3d § 1067.6 (3d ed. 2002).

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir.1987); see also Fed. R. Civ. P. 4(k). New Jersey's long-arm statute, embodied in New Jersey Court Rule 4: 4-4(c), "extends to the limits of the Fourteenth Amendment Due Process [Clause] protection." Carteret, 954 F.2d at 145. Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if that defendant has "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal quotation marks omitted).

Courts may exercise personal jurisdiction under the theories of specific or general jurisdiction. See Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414-415 & n. 9 (1984).

> In order for specific jurisdiction to be properly exercised under the Due Process Clause, the plaintiff must satisfy a two-part test. First, the plaintiff must show that the defendant has constitutionally sufficient "minimum contacts" with the forum. [] Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985). Second, for jurisdiction to be exercised the court must determine, in its discretion, "that to do so would comport with 'traditional notions of fair play and substantial justice.'" [] Vetrotex Certainteed Corp. v. Consolidated Fiber Glass Products Co., 75 F.3d 147, 150-51 (3d Cir.1996) ([quoting] Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

IMO Indus. Inc. v. Kiekert, 155 F.3d 254, 259 (3d Cir. 1998) (citations corrected). If the

plaintiff's claim does not arise out of the defendant's contacts with the forum, the court is said to exercise general jurisdiction. See Helicopteros, 466 U.S. at 414 & n. 9. To establish general jurisdiction over a defendant, the contacts must be shown to be "continuous and systematic". See Id. at 416.

    2.    **Analysis**

Defendant MLGW moves to dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2). MLGW asserts that it is a public utility chartered by the State of Tennessee to provide electric, gas and water service solely within the confines of Shelby County, Tennessee. Plaintiff does not allege that MLGW is a resident or has continuous and systematic contacts in New Jersey, nor does she allege that MLGW directed any activities toward New Jersey. Indeed, Plaintiff, who has failed to file any opposition, does not dispute that the Court lacks jurisdiction over Defendant. Further, although Plaintiff alleges in her Complaint that all Defendants are credit card companies, see Compl. ¶¶ 8-10, MLGW avers that it is not a "credit card company" and it does not issue or promote any credit cards. Def. Mot. at 2. Again, Plaintiff has not disputed Defendant's assertion.

While the facts referenced in a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction must be viewed in the light most favorable to the non-moving party, once such a motion is filed, it is the non-moving party's burden to show that personal jurisdiction exists. Gen. Electric Co. V. Deutz AG, 270 F.3d 144, 150 (3d Cir. 2001). As Plaintiff fails to put forth any evidence that either general or specific jurisdiction exists over MLGW, or even dispute MLGW's assertions, Plaintiff fails to establish a prima facie case of personal jurisdiction over MLGW. Miller Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004); see also Carteret, 954

F.2d at 142 n. 1. Therefore, the Court grants MLGW's motion to dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### B. Plaintiff's Claims Against All Defendants Must be Dismissed Pursuant to Rules 8(a), 9(b) & 12(b)(6)

#### 1. Rule 8(a)

In determining the sufficiency of a complaint, the Court must be mindful to construe the facts stated in the complaint liberally in favor of the plaintiff. See Haines v. Kerner, 404 U.S. 519 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir.1992).[4] The Court should "accept as true all of the [factual] allegations in the complaint and reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997). While a court will accept well-pled allegations as true, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. See Id. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, (1957), while abrogating the decision in other respects).

The Court of Appeals for the Third Circuit recently provided detailed and highly instructive guidance as to what type of allegations qualify as sufficient to pass muster under the

---

[4]Further, the Court is obligated to construe pro se pleadings liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972); Dluhos v. Strasberg, 321 F.3d 365, 369 (3d Cir. 2004) ("[The Court will] apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name.").

Rule 8 pleading standard.  See Phillips v. County of Allegheny, 515 F.3d 224, 230-34 (3d Cir. 2008).  The Third Circuit explained, in relevant part:

> [T]he pleading standard can be summed up thus: "stating ... a claim requires a complaint with enough factual matter (taken as true) to suggest" the required element.  This "does not impose a probability requirement at the pleading stage [ ]" but ... "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

Id. at 234 (internal citations omitted).

### 2. Rule 9(b)

In Lum v. Bank of Am., the Third Circuit expounded on the heightened pleading standard imposed on allegations of fraud:

> In order to satisfy Rule 9(b), plaintiffs must plead with particularity "the 'circumstances' of the alleged fraud in order to place the defendants on notice of the precise misconduct with which they are charged, and to safeguard defendants against spurious charges of immoral and fraudulent behavior."  Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir.1984).  Plaintiffs may satisfy this requirement by pleading the "date, place or time" of the fraud, or through "alternative means of injecting precision and some measure of substantiation into their allegations of fraud."  Id. (holding that a plaintiff satisfied Rule 9(b) by pleading which machines were the subject of alleged fraudulent transactions and the nature and subject of the alleged misrepresentations).  Plaintiffs also must allege who made a misrepresentation to whom and the general content of the misrepresentation.  See [Saporito v. Combustion Eng'g, 843 F.2d 666, 675 (3d Cir.1988)]; Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 658-59 (3d Cir. 1998); Klein v. General Nutrition Cos., 186 F.3d 338, 345 (3d Cir.1999).

361 F.3d 217, 223-24 (3d Cir. 2004).

### 3. Rule 12(b)(6)

When reviewing a motion to dismiss on the pleadings, courts "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (citation and

quotations omitted).  Recently, in Twombly, 127 S.Ct. 1955 (2007), the Supreme Court clarified the 12(b)(6) standard.  Specifically, the Court "retired" the language contained in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  Id. at 1968 (quoting Conley, 355 U.S. at 45-46).  Instead, the factual allegations set forth in a complaint "must be enough to raise a right to relief above the speculative level."  Id. at 1965.  As the Third Circuit has stated, "[t]he Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element."  Phillips, 515 F.3d at 234 (quoting Twombly, 127 S.Ct. at 1965).

    4.     Analysis

Construing Plaintiff's Complaint liberally, the Court dismisses all her claims because she fails to state a claim upon which relief may be granted.  Fed. R. Civ. P. 8(a)(2) provides: "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  "This rule requires not merely a short and plain statement, but instead mandates a statement 'showing that the pleader is entitled to relief.'  That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation."  Phillips, 515 F.3d at 234-35.  Further, "the Supreme Court [has] explained that the concept of a 'showing' requires only notice of a claim and its

8

grounds, and distinguished such a showing from 'a pleader's bare averment that he wants relief and is entitled to it.'" Id. at 232 (quoting Bell Atlantic Corp v. Twombly, 127 S. Ct. 1955, 1965 n. 3 (2007)). Plaintiff alleges that she is the victim of credit card fraud and she brings this action "to enforce the provisions the (sic) Consumer Credit Protection Act, 15 U.S.C. § 1601, et seq." Compl. ¶ 1. The Consumer Credit Protection Act ("the Act") is approximately 750 pages long and is broken into several distinct subchapters. In her Complaint, Plaintiff brings two counts and, in both, she seeks compensatory, treble, and punitive damages as well as attorney's fees for fraud and consumer fraud allegedly committed by Defendants. Id. at 3.

Although the Plaintiff alleges Defendants engaged in "fraud" and "consumer fraud," Plaintiff fails to cite to any provision of the Act that would support a claim based on her allegations.[5] In Count One, Plaintiff alleges that Ms. Bakely, the wife of actor Robert Blake, who was a good friend of Plaintiff's in high school, used Plaintiff's name "Christine C. Scheier" on credit cards and was convicted of sixteen counts in credit card fraud in 1998 in Arkansas, see Id. at ¶ 5, and continued to use her name until she was murdered on May 4, 2001. Id. at ¶¶ 5-6. Plaintiff also alleges that despite the fact that she never had any credit cards, never had any debt, and sent proof to the credit card companies that she was not involved in the credit card scandal, Defendants allegedly failed to respond. Id. at ¶¶ 4, 8-9. In Count Two, Plaintiff repeats and re-alleges each and every allegation contained in the first count, and then asserts that Ms. Bakely's family used the credit cards. Compl. at 3. These vague assertions in both counts of Plaintiff's Complaint fail to provide Defendants with fair notice of the grounds upon which the claim rest

---

[5]Indeed Judge Hughes's Order directed that a more definite statement be filed and she failed to do so. See Hughes's Order, dated Sept. 23, 2008, at 2.

pursuant to Rule 8(a) and appear to be bare averments that she wants and is entitled to relief.  See Fed. R. Civ. P. 8(a).  Neither of Plaintiff's claims provide enough facts to make a "showing" that the pleader is entitled to relief.  See Id.

A court can dismiss a claim sua sponte if it is insufficiently plead under Rule 8(a)(2). See Hines v. Rimtec Corp., Docket No. 07-966, 2007 WL 2332193, *1 (D.N.J. Aug. 13, 2007); see also Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (holding that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action").  Although only Capital One had moved to dismiss the Complaint, the Court will consider the adequacy of the Complaint as to all Defendants. Because both counts of the Complaint fall short of providing adequate notice to all Defendants of which statutes and regulations they have violated and why, the Court finds that both Counts One and Two falls short of the "showing" required by Rule 8(a)(2).  Furthermore, as Plaintiff is alleging fraud, she has certainly failed to plead under the heightened pleading standards of Rule 9(b).  See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake").   Plaintiff does not plead with any specificity the "date, place or time" of the fraud, or provide "alternative means of injecting precision and some measure of substantiation into [her] allegations of fraud." Lum, 361 F.3d at 223-24.  Therefore, Plaintiff's claims are is dismissed.

**IV. Conclusion**

For the foregoing reasons, the Court grants MLGW's motion to dismiss for lack of personal jurisdiction, and Capital One's motion to dismiss without prejudice; furthermore,

Plaintiff's Complaint is dismissed in its entirety.


Dated January 23, 2009                                      /s/ Freda L. Wolfson
                                                                                      Honorable Freda L. Wolfson
                                                                                      United States District Judge